**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Apr 13 3:07 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

☒ Lawsuit
☐ Divorce

Docket No. _____

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| CANDICE STITMAN | VS | 1400 GREENBROOK PARKWAY OWNER LLC |

TO: (Name and Address of Defendant (One defendant per summons))

1400 GREENBROOK PARKWAY OWNER LLC
1400 GREENBROOK PARKWAY
MEMPHIS, TENNESSEE 38134

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Allen Gressett, Esq/Schwed, Adams & McGinley** Plaintiff's attorney, whose address is **50 N Front Street, Suite 640, Memphis, TN 38103**

telephone **(901) 313-3411** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____         By: _____
Signature of person accepting service                          Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                              By: _____
                                                              Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

| | |
|---|---|
| **Case Style:** | CANDICE STITMAN VS 1400 GREENBROOK PARKWAY OWNER |
| **Case Number:** | CT-1482-21 |
| **Type:** | SUMMONS ISSD TO MISC |



David Smith, DC

Electronically signed on 04/14/2021 08:24:32 AM

ELECTRONICALLY FILED
2021 Apr 13 3:07 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

CANDICE STITMAN,

    Plaintiff,

vs.

1400 GREENBROOK PARKWAY
OWNER LLC,

    Defendant.

Cause No:
Div.:
Jury Demanded

## COMPLAINT

**COMES NOW** the Plaintiff, Candice Stitman, and would show unto the Court as follows:

### I.

That your Plaintiff, Candice Stitman, is a resident citizen of Shelby County; that your Defendant, 1400 Greenbrook Parkway Owner LLC, is a foreign limited liability company licensed and authorized to conduct business in the State of Tennessee.

### II.

That on or about June 9, 2020, Plaintiff, Candice Stitman, was an invitee of the apartments owned and operated by the Defendant, 1400 Greenbrook Parkway Owner LLC, and located at 1400 Greenbrook Parkway in Memphis, Shelby County, Tennessee. That Plaintiff was ascending a flight of stairs when, suddenly and without warning, she fell due to a broken step and lack of lighting causing her to sustain serious injury.

### III.

At all times material to this Complaint, the Defendant, 1400 Greenbrook Parkway Owner LLC, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1. The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2. The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer her injuries.

3. The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4. The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5. That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## IV.

As a direct and proximate result of the negligence of the Defendant, and resulting accident, the Plaintiff, Candice Stitman, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That proper process issue against the Defendant requiring it to plead and answer.
2. That Plaintiff, Candice Stitman, be awarded compensatory damages in the amount of SIX HUNDRED THOUSAND and 00/100 ($600,000.00) DOLLARS.
3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.
4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this 13 day of April, 2021.

By: _____
Allen Gressett, Esq. (#29187)
Schwed, Adams & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

_____
SCHWED, ADAMS & MCGINLEY, P.A.

3

ELECTRONICALLY FILED
2021 Apr 13 3:07 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

CANDICE STITMAN,

    Plaintiff,

vs.

1400 GREENBROOK PARKWAY OWNER LLC,

    Defendant.

Case No:
Div.:
Jury Demanded

## NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, 1400 GREENBROOK PARKWAY OWNER LLC

**COMES NOW** the Plaintiff, CANDICE STITMAN, by and through the undersigned counsel, and propound the following Interrogatories and Requests for Production to be answered by Defendant, 1400 Greenbrook Parkway Owner LLC, under oath and in writing within forty-five (45) days after service hereof as provided by Tennessee Rules of Civil Procedure 33 & 34.

By: /s/ Allen Gressett

Allen Gressett, Esq. (#29187)
Email: agressett@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 2 of 14

## CERTIFICATE OF SERVICE

    I, Allen Gressett, do hereby certify that a true and correct copy of the foregoing has been sent for service with the Complaint.

ALLEN GRESSETT, ESQ.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 3 of 14

## DEFINITIONS

1. The term "document" or "documents" shall mean any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type of description, regardless of origin or location, in your actual or constructive possession, custody or control. And whether prepared, published, or recorded by your or any other person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs, schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars, telexes, messages (including but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office communications, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which data can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinion or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in any form whatsoever. If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a subsequent document.

2. "Identify," used with respect to documents means that you are required, for each and every document, to:

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 4 of 14

(a) state the exact name and title by which you refer to it; (b) state the date of the document and all of its serial or identifying numbers, if any; (c) identify, by providing all of the information required by Definition No. 3, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document; (d) state its general subject matter; (e) state the current location of the document and identify, by providing all information required by Definition No. 3, the present custodian of the document; (f) identify, by providing all of the information required by Definition No. 3, each and every addressee, if any, of the document or any copy of the document.

3. "Identify," when used in reference to persons means that you are required to state the name and last known business and residence address, and, if other than natural persons, the full name and address of the entity.

4. "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business, public governmental entity, private governmental agency, and/or any other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5. "You" or "your" shall mean 1400 Greenbrook Parkway Owner LLC's, as well as all representatives and other persons acting on behalf of 1400 GREENBROOK PARKWAY OWNER LLC, including but not limited to all agents and attorneys.

6. Use of the present tense in this document includes the past and future tenses, use of singular form includes the plural form and use of the masculine form include the feminine form and vice-a-versa.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 5 of 14

    7.    "Our" and/or "ours" shall mean CANDICE STITMAN's, as well as all representatives and other persons acting on behalf of CANDICE STITMAN, including but not limited to all agents and attorneys.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 6 of 14

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT, 1400 GREENBROOK PARKWAY OWNER LLC

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Please state whether the entity named as the Defendant in the Complaint had ownership, possession and/or control of the premises described in the Complaint at the time of the incident described in the Complaint. If not, please identify the person or entity who did have ownership, possession and/or control at the time of the incident described in the Complaint.

3. Describe any and all policies of insurance which you contend cover or may cover the Defendant named in the Complaint for the allegations set forth in plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4. Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 7 of 14

5. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

6. State the facts upon which you rely for each affirmative defense in your answer.

7. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

9. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 8 of 14

10. Specify all persons whom you intend to call as a witness at the trial of this matter, including any persons named in your response to Interrogatory No. 9.

11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion. For each person so identified, disclose the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 9 of 14

14. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15. Please state if within the past ten years, you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter involving an incident involving personal injury, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16. Please state whether any report was prepared concerning the incident described in the Complaint. If so, please set forth with respect to the report: who prepared it; when it was prepared; the nature of the information contained in the report; what was done with the report after it was prepared; and who has custody of the report at this time.

17. Please describe all procedures implemented by the Defendant both before and after this incident to prevent slip and fall incidents on their premises. For each such procedure, please set forth the date such procedure was implemented and whether such procedure was followed on the date of the incident at the branch described in the Complaint.

18. Please list the dates of all surveillance taken, the name of the person who performed the surveillance, and the name and address of the company for whom he works.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 10 of 14

19. Are you aware of any other claims for personal injury or property damage made by the Plaintiff(s)? If so, please state:

(a.) The nature of the claim (Auto accident, slip and fall, etc.)

(b.) The name, address and claim of any insurance carrier against whom the claim was made (auto liability carrier, premises liability carrier, uninsured motorist carrier, etc.)

(c.) The names and addresses of ALL health care providers who treated or examined the Plaintiff(s).

(d.) The part(s) of the body that were claimed to be injured.

20. The name and address of all employees/ managers depicted in the video requested in Request to Produce number 12 served in these interrogatories together with a brief description of the employee/ manager and the time of the video when they first appear.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 11 of 14

_____
On behalf of 1400 Greenbrook Parkway Owner LLC

_____
Print Name and Title

STATE OF TENNESSEE   )
                     )SS:
COUNTY OF_____ )

THE FOREGOING INSTRUMENT was acknowledged before me this \_\_\_\_ day of _____, 20\_\_, by _____, who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____
NOTARY PUBLIC
State of Tennessee at Large

_____
Name of Notary Public - typed, printed or stamped

(Seal)

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 12 of 14

## PLAINTIFF'S REQUESTS FOR PRODUCTION

1. Any and all **color** copies of photographs taken of the scene of the incident. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

2. Any and all **color** copies of photographs of the Plaintiff. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

3. Any and all writings documenting the incident including any reports, notes, diaries, or other written documents.

4. A copy of the Defendant's policy of insurance.

5. Any and all surveillance of Plaintiff.

6. Any and all documents reflecting Defendant's procedures designed to prevent incidents such as the one described in the complaint.

7. Any and all documents reflecting floor cleaning, maintenance, inspections, or warnings on the date of the incident.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 13 of 14

8. Any and all medical records of the Plaintiff. Please note that this is an ongoing Request and Defendant has a duty to supplement this answer as soon as additional records or information is gathered.

9. Any and all documents identifying any employees of the Defendant who were present at the time of the incident.

10. Any and all statements of Plaintiff whether written or recorded including any notes purporting to document statements by Plaintiff.

11. Any and all statements of any witnesses whether written or recorded including any notes purporting to document statements by any witnesses.

12. Any and all video recordings of:

   a. The Plaintiff anywhere on the premises (inside or outside) on the day of the incident.

   b. The scene of the incident for one (1) hour before the incident to one (1) hour after the incident.

13. All medical records, reports, or bills concerning the Plaintiff whether for this incident or for any other incident or reason.

Stitman, Candice v. 1400 Greenbrook Parkway Owner, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, 1400 Greenbrook Parkway Owner LLC
Page 14 of 14

14. All records and/or items regarding any other claims including claims for tangible or intangible damages made by the Plaintiff.

15. A copy of the resume or dossier of any expert identified in your answers to Interrogatories.

16. A copy of any reports, charts, diagrams, graphs, images or other documents that were prepared or relied upon by any expert identified in your answers to Interrogatories.

17. A copy of any and all correspondence and communications exchanged by any expert identified in your answers to Interrogatories and the Defendant or Defendant's counsel.